

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06 CR 440 |
| v. | ) | |
| | ) | Judge Filip |
| DARNELL THOMPSON, | ) | |
| | ) | Magistrate Judge Cole |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

## INTRODUCTION AND FACTUAL BACKGROUND

This case, like countless others, stems from a traffic stop leading to a warrantless search of the car and the consequent seizure of a hand gun. *Cf., United States v. Ross*, 456 U.S. 798, 803 (1982). Mr. Thompson has moved to suppress the gun and has asked for an evidentiary hearing. Judge Filip has sent the matter here pursuant to 28 U.S.C. §636(b)(1). *See United States v. Jewell*, 60 F.3d 20, 24 (1st Cir. 1995); *United States v. Bosch*, 2007 WL 1138845 (E.D.Mo. 2007).

Mr. Thompson's integrated motion and memorandum takes a minimalist approach: it is two pages long with twelve paragraphs. The motion neither discussed the requirements for a hearing nor cited a case that did. The seven terse paragraphs containing allegations of fact are supported by Mr. Thompson's affidavit, which does not amplify on the allegations; it simply attests to their accuracy. The motion cited, curiously, *United States v. Karo*, 468 U.S. 705, 717 (1984), for the general proposition that the warrantless search of Mr. Thompson's vehicle was presumptively unreasonable. (Motion at 2, ¶ 11). Apart from the fact that "general propositions do not decide concrete cases," *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting), *Karo* stressed that warrantless

searches of automobiles (where probable cause exists) are among the limited exceptions to the rule of presumptive unreasonableness. *Karo*, 468 U.S. at 717.[1]

The "facts" as set forth in the motion are these: On January 21, 2006, Mr. Thompson was driving his automobile when he was stopped for an apparent traffic violation. He was "detained" in the parking lot of a convenience store. When Mr. Thompson rolled down his window, the officer claimed to detect an odor of alcohol on Mr. Thompson's breath. (Motion, ¶¶1-2). *Cf. United States v. One 1983 Mazda RX-7 VIN JM1FB3318007158I8*, 717 F.Supp.570, 571 (N.D. Ill. 1989)(Norgle, J.). The officer asked Mr. Thompson to exit the vehicle. Mr. Thompson complied after turning off the ignition and closing the window. The officer "took possession of the car keys." (*Id.*, at ¶2). Due to inclement weather, a field sobriety test was administered inside the convenience store. (*Id.*, at ¶3). Approximately ten minutes later, the officer and Mr. Thompson returned to the parking lot where two other officers were on the scene. (*Id.*, at ¶4). A firearm was, according to one of the officers, found in Mr. Thompson's car. (*Id.*, at ¶5). Although the motion can be read to say that one of these officers had the gun in his possession when Mr. Thompson exited the convenience store, it is by no means certain that the affidavit should be read this way. It certainly is not sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material facts which will affect the outcome of the motion. *See infra* at 5.

---

[1] The motion also cited *Coolidge v. New Hampshire*, 403 U.S. 443 (1971). But the Court said there: "As we said in *Chambers*,, 'exigent circumstances' justify the warrantless search of 'an automobile stopped on the highway,' where there is probable cause, because the car is 'movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' '(T)he opportunity to search is fleeting ...." *Id.* at 460.

The motion is curiously silent on whether Mr. Thompson was, in fact, drinking, whether a field sobriety test was actually administered and if so, what the results were. The motion also leaves to conjecture the critical question of how the two officers came to be in the parking lot and what prompted their search of the car. Were they called by the officer who escorted Mr. Thompson into the convenience store to administer the sobriety test? Or did they simply come on the scene fortuitously and through some "ineffable intuition," *United States v. Broomfield*, 417 F.3d 654, 655 (7th Cir. 2005)(Posner, J.), decide to search the car? The motion does not say. Nor does it contend Mr. Thompson lacks knowledge about these things. Although it does not matter to the analysis, the inescapable conclusion is that these gaps are not the result of inattention to detail. Rather they suggest "'creative lawyering,'" *Safeco Ins. Co. of America v. Burr*, 127 S.Ct. 2201 (2007), designed to ensure that the motion says only what is believed necessary to obtain a hearing, while putting out of view material facts that perhaps cannot safely be denied and which, if articulated, might demonstrate the lawfulness of the seizure and preclude any hearing. *Compare United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992)("noticeably absent from the [defendant's] affidavit are allegations" regarding the critical aspects of his arrest).

The government's response, like the motion to suppress, cites not a single case dealing with the threshold question of the requirements for an evidentiary hearing. Unlike the motion, which at least is supported by a skeletal affidavit, the government's response attempts to fill in the factual interstices with an unsupported rendition of facts. According to the government, Mr. Thompson was stopped for some (unspecified) traffic violations. (*Response*, at 1). Officer Walter, believing this was a "prototypical DUI stop," smelled alcohol and observed that Mr. Thompson's eyes were bloodshot and his speech slurred. He was unable to produce a divers license or insurance. The

3

officer "ordered" Thompson out of the car and into the convenience store to administer a sobriety test. On the way into the store, Officer Walter called for backup. (*Response*, at 2). After Mr. Thompson flunked a series of field sobriety tests, he was arrested and handcuffed in the convenience store. He was then taken back to the parking lot and thereafter Sergeant Grassy and Officer MacClaren searched Mr. Thompson's car and found the gun, which was sticking out from under the driver's front seat. (*Response*, at 2).

Based on this version of events, the government contends that no hearing is necessary as the gun would inevitably have been discovered by the police either pursuant to a search based on probable cause, a search incident to an arrest or an inventory search. The difficulty with the government's argument is not its legal analysis, but with the unsupported factual assertions on which the legal arguments necessarily rest. Perhaps the government's story is true; perhaps not. One cannot conclude either way since uncorroborated statements in briefs don't count. *See IFC Credit Corp v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610-611 (7th Cir. 2006); *United States ex rel. Feingold v. AdminaStar Federal, Inc.*, 324 F.3d 492, 494, 497 (7th Cir. 2003); *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). *Cf. In re: Payne*, 431 F.3d 1055, 1060 (7th Cir. 2005) (Posner, J.)(unsubstantiated assertion at oral argument given no weight).

The principle is no less applicable to suppression hearings than it is in any other context and applies to the government no less than to defendants. *See Roy v. Lampert*, 465 F.3d 964, 975 (9th Cir. 2006)(evidentiary hearings must occur "only [when] conflicting affidavits regarding the facts underlying the issue of the cause" are present); *United States v. Lonzo*, 793 F.Supp. 57, 58-59 (N.D.N.Y. 1992); *United States v. Cady*, 1996 WL 650662, *9 (N.D.N.Y. 1996). *United States v. DiDomenico*, 78 F.3d 294, 300-301 (7th Cir. 1996) is instructive. There, the court said:

4

In these circumstances we cannot say that the judge abused her discretion in declining to order an evidentiary hearing. A critical consideration is the government's affidavits. Although evidentiary hearings in criminal cases are not governed by the Federal Rules of Civil Procedure, the provisions of those rules relating to summary judgment are applicable by analogy. *United States v. Ritter*, 752 F.2d 435, 439 (9th Cir.1985); cf. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir.1992); *Castillo v. United States*, 34 F.3d 443, 445-46 (7th Cir.1994). In opposing the evidentiary hearing sought by the defendants the government was in a position analogous to that of a movant for summary judgment who argues that no genuine issue of material fact exists and therefore that summary judgment should be granted. A fundamental principle of summary judgment that we think ought to be applied in cases such as this in which the issue is whether to hold an evidentiary hearing is that if the proponent supports his motion with affidavits, the opponent must counter the motion with his own affidavits (or equivalent materials, which is to say materials having the quality of evidence.).

*Id.*, at 300-301 (parenthesis in original).[2] Thus, for purposes of the present motion, the only facts are those articulated with sufficient clarity and definiteness by Mr. Thompson.

### 1.

The tacit premise of Mr. Thompson's motion is that an evidentiary hearing is required whenever a warrantless search is conducted. No case supports that proposition. Where a court has before it all the material facts, and they are not disputed, a hearing is not necessary. *United States v. Berkowitz*, 927 F.2d 1376, 1385 (7th Cir. 1991). An evidentiary hearing is only required when the *defendant* alleges specific, definite, detailed, and non-conjectural facts, which, if proven, would justify the relief sought. *United States v. Woods*, 995 F.2d 713, 715 (7th Cir. 1993); *United States v. Randale*, 966 F.2d 1209, 1212 (7th Cir. 1992).

---

[2] *Compare Law v. Medco Research, Inc.*, 113 F.3d 781, 787 (7th Cir. 1997)(Posner, C.J.)("Failure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal. [citations omitted]."

These fundamental principles were recently reaffirmed by the Seventh Circuit:

> Evidentiary hearings are not required as a matter of course; a district court need conduct a hearing only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material facts which will affect the outcome of the motion. *United States v. Villegas,* 388 F.3d 317, 324 (7th Cir. 2004); *see also Juarez,* 454 F.3d at 720; *United States v. Martin,* 422 F.3d 597, 602-03 (7th Cir. 2005), *cert. denied,* 74 U.S.L.W. 3424 (Jan. 23, 2006) (No. 05-8234). We have emphasized the necessity of materiality in any factual disputes that are presented to the district court as a predicate for an evidentiary hearing. *Villegas,* 388 F.3d at 324; *Juarez,* 454 F.3d at 720; *United States v. Berkowitz,* 927 F.2d 1376, 1385 (7th Cir. 1991).
>
> Mr. McGaughy's briefing and argument on the motion to suppress do not identify any specific "material factual dispute" requiring resolution through an evidentiary hearing. In the district court, Mr. McGaughy did claim the information from Doe was up to two weeks old and therefore stale, and, on reply, added his claims that personal bias motivated the complaining officer in seeking the warrant. Mr. McGaughy did not make any serious effort to articulate what facts had to be adduced at an evidentiary hearing to inform the court's analysis; furthermore, Mr. McGaughy did not articulate in what manner the district court's ultimate determination of probable cause would have been different if his version of the facts were accepted. *See Juarez,* 454 F.3d at 720.
>
> Our precedent places the onus on a defendant seeking an evidentiary hearing to "specifically...allege[] a *definite disputed factual issue*," *Martin,* 422 F.3d at 603 (emphasis added), and to demonstrate its materiality, *Juarez,* 454 F.3d at 720. We conclude that Mr. McGaughy has not met this burden.

*United States v. McGaughy,* _F.3d_, 2007 WL 1374758, *3-4 (7th Cir. 2007). *See also Bradley v. United States,* 2007 WL 956901 at *2 (7th Cir. 2007)("before an evidentiary hearing will be granted, the appellant must provide a detailed and specific affidavit"). [3]

---

[3] *Compare Johnson v. Finnan,* 467 F.3d 693, 694 (7th Cir. 2006)("when a prisoner...provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact... the district court must hold an evidentiary hearing to determine where the truth lies."). And so the only source of facts in the case thus far is the motion to suppress.

6

**2.**

Measured against these standards, Mr. Thompson's affidavit fails to set forth the necessary detailed, specific, definite and non-conjectural allegations of fact to warrant a hearing. All that must be accepted for purposes of the motion is that a field sobriety test occurred, and a gun was found in the car by two other officers. Although even here the affidavit only concedes the officers claim the gun was found in the car. There is no allegation that a field sobriety test was not administered or, if one was, that Mr. Thompson passed. There is no allegation that there was not a call for backup or that the officers who found the gun were not responding to a call for backup. Nor is there an allegation that Mr. Thompson is unable to explain any of this and therefore a hearing is essential to determine what actually happened. Given the laconic structure of the affidavit, the whole matter is left indeterminate. *See United States v. Rollins,* 862 F.2d 1282, 1291 (7th Cir. 1988); *United States v. Rodriguez,* 69 F.3d 136, 141 (7th Cir. 1995). But that is not sufficient to meet the burden the law imposes on a defendant seeking an evidentiary hearing on a motion to suppress. In short, accepting as true Mr. Thompson's skeletal presentation, the facts do not demonstrate any disputed, material issues of fact, the resolution of which is necessary to deciding the motion.[4]

**3.**

If the government is permitted to give its version of events in uncorroborated form as it has done here, the motion should be denied: Mr. Thompson's abbreviated version of events is not inconsistent with the "facts" set forth in the government's Response brief, and those facts are not

---

[4] In *United States v. Diaz,* 2004 U.S. Dist. Lexis 8508, *4 (N.D. Ill. 2004), on which Mr. Thompson's Reply brief relies, the affidavit, if accepted, would have required suppression since, according to the defendant, he never had a gun and that he was "merely standing on the street corner when arrested." *Id.*

denied in Mr. Thompson's Reply brief. Those facts demonstrate that the discovery of the gun was incident to a lawful arrest and was inevitable. *See United States v. Wimbush*, 337 F.3d 947, 950-951 (7th Cir. 2003); *United States v. Payne*, 26 Fed.Appx. 226 at *2 (4th Cir. 2002); *United States v. Neumann*, 183 F.3d 753, 756 (8th Cir. 1999). Significantly, Mr. Thompson does not argue that if the government's facts are true, the search and seizure were nonetheless unlawful. Rather, the argument is that since a hearing would be required to demonstrate that the discovery of the gun was inevitable under the City's inventory search policy, *United States v. Cherry*, 436 F.3d 769 (7th Cir. 2006), it would make little sense to limit the scope of the hearing to one of the government's three contingency claims. (*Reply,*, at 3). I do not find this reasoning persuasive. If the government's version of events is accepted, one cannot help but have the "high degree of confidence" of which the Second Circuit spoke in *United States v. Heath*, 455 F.3d 52, 58-59 (2nd Cir. 2006) not only that the officers would have arrested Mr. Thompson – that in fact occurred when he was removed in handcuffs from the convenience store, *cf. Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1017 (7th Cir. 2006) – but that the car would have been searched as it was, incident to that arrest and/or because there was probable cause to search the car, with the inevitable discovery of the gun.

It is respectfully recommended that Mr. Thompson's request for an evidentiary hearing and motion to suppress [23] be DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 6/12/07

Any objections to the Report and Recommendation must be filed with the Clerk of the Court within 10 days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the Magistrate Judge's Report and Recommendation. *See* Fed.R.Civ.P. 72(b); 28 U.S.C. 636(b)(1)(C); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 329 (7th Cir.1995).